| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>In re:<br><br>MICHAEL L. STATHAKIS, a/k/a MICHAEL LARRY STATHAKIS f/d/b/a WHISK REMODELING CORP.,<br><br>                                  Debtor.<br>-----------------------------------------------------------X | Hearing Date: January 9, 2020<br>Hearing Time: 11:00 a.m.<br><br>Chapter 7<br>Case No. 19-46882-CEC<br><br><br>Honorable Carla E. Craig<br>United States Bankruptcy Judge |

**NOTICE OF MOTION OF 21st MORTGAGE CORPORATION PURSUANT TO SECTIONS 362(a)(1) AND (2) OF THE BANKRUPTCY CODE VACATING THE AUTOMATIC STAY; FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d)(4) GRANTING PROSPECTIVE, TWO YEAR IN-REM RELIEF; AND RELATED RELIEF**

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion"), 21st Mortgage Corporation, a secured creditor, by its attorneys, The Law Office of Michael C. D'Aries, LLC will move this Court before the Honorable Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York located at Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Courtroom 3529, Brooklyn New York 11201 on the **9th** day of **January, 2020** at **11:00 a.m.** or as soon thereafter as counsel can be heard (the "Hearing"), for an order: (1) pursuant to Bankruptcy Code Sections 362(a)(1) and (2) vacating the automatic stay so that 21st Mortgage may continue a state court foreclosure action with regard to the real property located at 21-28 72nd Street, Jackson Heights, New York 11370 (the "Property"); (2) pursuant to 11 U.S.C. § 362(d)(4) granting prospective, two year in-rem relief from the automatic stay imposed by 11 U.S.C. § 362(a) with regard to the Property; (3) any such other related relief the Court deems proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, filed with the Clerk of the Bankruptcy Court and Chambers, and received by The Law Office of Michael C. D'Aries, LLC, attorneys for 21st Mortgage, at its offices at 222 Sussex Street, Harrison New Jersey 07029, no later than seven (7) days prior to the date set for the

Hearing.

**PLEASE TAKE FURTHER NOTICE** that (i) unless objections are received seven (7) days prior to the date of the Hearing date, the Motion may be granted and (ii) the Hearing may be adjourned from time to time, without further notice except by oral notice at the hearing.

**PLEASE TAKE FURTHER NOTICE,** that Pursuant to the Bankruptcy Rule 9014 and local Bankruptcy Rules 9006-1 and 9013-1, if you intend to oppose the motion, you must serve on 21st Mortgage's counsel and file with the Clerk of the Bankruptcy Court, written opposition to the motion not later than seven (7) business days prior to the return date of this motion. In the event no written opposition is served and filed, the Court will consider the motion as unopposed.

Dated: Harrison, New Jersey
        November 29, 2019

THE LAW OFFICE OF MICHAEL C. D'ARIES, LLC
Attorneys for 21st Mortgage Corporation

By: /s/ Michael C. D'Aries
Michael C. D'Aries, Esq.
222 Sussex Street
Harrison NJ 07029
(908) 337-8988

TO: See attached service list.

## SERVICE LIST

Michael L. Stathakis
Debtor
213-37 39th Avenue, Suite 199
Bayside NY 11361

Btzalel Hirschhorn, Esq.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, P.C.
Attorneys for Debtor
80-02 Kew Gardens Road, Suite 600
Kew Gardens NY 11415

| | |
|---|---|
| Robert J. Musso | BMW Financial Services NA, LLC Department |
| Trustee | AIS Portfolio Services, LP |
| 26 Court Street, Suite 2211 | 4515 N. Santa Fe Ave. Dept. APS |
| Brooklyn NY 11242 | Oklahoma City OK 73118 |

U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: **January 9, 2020**<br>Hearing Time: **11:00 a.m.** |

-----------------------------------------------------------X

In re:

MICHAEL L. STATHAKIS, a/k/a MICHAEL
LARRY STATHAKIS f/d/b/a WHISK
REMODELING CORP.,

                                                  Debtor.

Chapter 7
Case No. 19-46882-CEC

Honorable Carla E. Craig
United States Bankruptcy Judge

-----------------------------------------------------------X

**MOTION OF 21st MORTGAGE CORPORATION PURSUANT TO SECTIONS 362(a)(1) AND (2) OF THE BANKRUPTCY CODE VACATING THE AUTOMATIC STAY; FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d)(4) GRANTING PROSPECTIVE, TWO YEAR IN-REM RELIEF; AND RELATED RELIEF**

       21st Mortgage Corporation ("Movant"), by its attorneys, The Law Office of Michael C. D'Aries, moves for an order: (1) pursuant to Bankruptcy Code Sections 362(a)(1) and (2) vacating the automatic stay so that 21st Mortgage may continue a state court foreclosure action with regard to the real property located at 21-28 72nd Street, Jackson Heights, New York 11370 (the "Property"); (2) pursuant to 11 U.S.C. § 362(d)(4) granting prospective, two year in-rem relief from the automatic stay imposed by 11 U.S.C. § 362(a) with regard to the Property; (3) any such other related relief the Court deems proper. In support therefore, 21st Mortgage respectfully represents as follows:

### BACKGROUND

1.      On or about July 25, 2006, Michael Stathakis executed a Note and Mortgage with Columbia Home Loans LLC dba Brokers Funding Services, Co. in the amount of $539,200.00. The Mortgage was recorded on the Property as security for the money loaned in the Note.

2.      There was a default under the Note and Mortgage, therefore a foreclosure action was commenced in the Supreme Court of the State of New York, County of Queens, Index No. 2970/07 (the "State Court Action").

3. On February 21, 2017, a Judgment of Foreclosure obtained in the State Court Action was filed with the Queens County Clerk's Office.  See Exhibit "A."

4. The Debtor has filed four other bankruptcy Petitions in the past 9 years, three of which were dismissed:  10-43831 dismissed June 18, 2019; 10-47463 discharged November 16, 2019; 17-46523 dismissed January 22, 2018; and 18-45213 dismissed with a one-year bar on November 19, 2018.

5. On November 14, 2019 (the "Petition Date"), the Debtor filed the instant Chapter 7 case.  Pursuant to the provisions of Section 362(a) of the Bankruptcy Code, the State Court Action court action was automatically stayed on the Petition Date.

6. Notably, the Petition Date occurred within the one-year bar period set by Your Honor in the Debtor's last case, in which Your Honor granted the Chapter 13 Trustee's Motion to Dismiss with Prejudice.  See Exhibit C.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY

7. Section 362(a) imposes an automatic stay upon actions against the Debtor upon the filing of a bankruptcy Petition.  11 U.S.C. § 362(a).

8. Section 362(d)(1) provides that upon request of a party in interest the Court shall grant relief from the provisions of Section 362(a) "for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).

9. 21st Mortgage lacks adequate protection of its interest in the Property due to its inability to proceed to sale in the State Court Action, the lack of any equity in the Property, the lack of any payment since the 2006, and the lack of any post-petition payments.

9. 21st Mortgage holds a judgment of foreclosure and is undersecured, and has been unable to proceed to sale in the State Court Action.

10. Section 362(d)(2) provides an alternative basis for relief from stay. Section 362(d)(2) states that relief from stay is appropriate if:

(A) the Debtor does not have an equity in such property; and
(B) such property is not necessary for an effective reorganization.

11 U.S.C. § 362(d)(2)

11. Under Section 362(g) 21st Mortgage has the burden of proof on the issue of the Debtor's equity, and the Debtor has the burden on all other issues. 11 U.S.C. § 362(g).

12. The approximate fair market value of the Property is $830,000.00. See true and correct copy of the Broker's Price Opinion, Exhibit B. The amount of 21st Mortgage's indebtedness exceeds $1,200,000.00. See Local Worksheet of Lisa Buckner filed herewith. The Debtor therefore lacks equity in the Property.

13. The Property is not necessary to an effective reorganization since this is a Chapter 7 proceeding.

**MOVANT IS ENTITLED TO PROSPECTIVE IN REM RELIEF FOR TWO-YEARS**

14. Section 362(d)(4) of the Bankruptcy Code provides in relevant part that the Court may grant relief from the automatic stay to the creditor of an interest in real property if the Court finds that the filing of the Petition "was part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4).

15. The facts of this case are just the circumstance that Section 362(d)(4)'s language addresses: the Debtor has now filed five bankruptcy petitions in the past 9 years, three of which were dismissed, the last with a one-year bar.

16. In instant case was filed before the expiration of the one-year bar imposed by the Court prior case. See Exhibit C.

17. Section 105 authorizes a Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

18. Bankruptcy Court Courts have based decisions to grant prospective relief from the automatic stay on Section 105 where the debtor is a "serial filer" who has abused the bankruptcy process in order to obtain the benefit of the automatic stay without any intention of completing the process. *In re Ward*, 423 B.R. 22, 33; see also *In re Casse*, 198F.3d 327, 339 (2d Cir. 1998)(Second Circuit ruling that bankruptcy courts may prohibit debtors from even filing petitions for periods longer than 180 days).

19. Prospective relief from the automatic stay that is limited to specific property covered by a mortgage, or "in rem" relief, has been recognized as appropriate in numerous decisions to prevent abuse of the bankruptcy process by debtors whose extraordinary arrearages and serial filings demonstrate the debtor's bad faith. See *In re Feldman*, 309 B.R. 422 (Bankr. E.D.N.Y. 2004); *In re Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995); *In re Rowe*, 239 B.R. 44 (Bankr. D.N.J. 1999).

20. In-rem prospective relief is appropriate and proper in this case. The Debtor has now filed 5 bankruptcy petitions, with three prior dismissals, and the most recent dismissed with prejudice with a one-year bar on filing. The Debtor's actions constitute "a scheme to delay, hinder, and defraud creditors" regarding real property that has prevented 21st Mortgage, as servicer, from exercising its rights under the foreclosure judgment. 11 U.S.C. § 362(d)(4).

21. The instant case was filed four days prior to the expiration of the one-year ban on the Debtor filing for bankruptcy protection, clearly designed to frustrate, hinder, and delay 21st Mortgage's state court rights and remedies vis-à-vis the Property.

22.     21st Mortgage requests an Order granting it two years in-rem relief vis-à-vis its rights and remedies to foreclose on the Property in the event of a bankruptcy filing.

**WHEREFORE**, 21st Mortgage Corporation respectfully requests an order:

1)    Pursuant to Sections 362(d)(1) and (2) of 11 U.S.C. § 101 et. seq., vacating the automatic stay to permit 21st Mortgage to exercise its state court rights and remedies as a secured creditor with regard to the real property located at 21-28 72nd Street, Jackson Heights, New York 11370; and

2)    Granting prospective, two-year in rem relief to permit Movant to exercise all rights and remedies afforded to it as a secured creditor with regard to the real property located at 21-28 72nd Street, Jackson Heights, New York 11370, including, but not limited to, proceeding with the State Court Action; and

3)    And such other and further relief as may be equitable and proper.

Dated:  Harrison, New Jersey           LAW OFFICE OF MICHAEL C. D'ARIES, LLC
        November 29, 2019              Attorneys for 21st Mortgage Corporation

                            By:    /s/ Michael C. D'Aries
                                   Michael C. D'Aries, Esq.
                                   222 Sussex Street
                                   Harrison NJ 07209