UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re MICHAEL L. STATHAKIS, a/k/a MICHAEL LARRY STATHAKIS f/d/b/a WHISK REMODELING, CORP.,

Chapter 7

Case No. 19-46882-CEC

Hon. Carla E. Craig

                        Debtor,
-----------------------------------------------------------------x

METROPOLITAN LUMBER, HARDWARE & BUILDING SUPPLIES, INC.,

                        Plaintiff,

    -v-

MICHAEL L. STATHAKIS, a/k/a MICHAEL LARRY STATHAKIS f/d/b/a WHISK REMODELING, CORP.,

                        Defendant.

-----------------------------------------------------------------x

Adversary Proceeding No.: _____

**COMPLAINT**

## **COMPLAINT TO DETERMINE DISHARCHEABILITY OF DEBT**

Plaintiff METROPOLITAN LUMBER, HARDWARE & BUILDING SUPPLIES, INC. (hereinafter "MET"), by its attorney Alison I. Blaine, as and for its complaint against the Debtor, MICHAEL L. STATHAKIS, aka WHISK REMODELING, CORP., respectfully alleges as follows:

### **JURISDICION AND VENUE**

1. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) as it seeks the determination as to the dischargeability of debt.

2. This is an action brought pursuant to 11 U.S.C. § 523 (a)(4) and Rules 4007 and 7001 et seq. of the Federal Rules of Bankruptcy Procedure.

1

3.   This Court has subject matter jurisdiction of this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5.   Plaintiff MET is a domestic business corporation organized and existing pursuant to the laws of the State of New York; maintains a principal place of business located at 617 11th Avenue, New York, New York 10036; and is in the business of selling, *inter alia*, construction materials.

6.   Upon information and belief, Defendant MICHAEL STATHAKIS [hereinafter "STATHAKIS"] is a natural person with a principal place of residence located at 213-37 39th Avenue, Suite 199, Bayside, NY 11361.

7.   Upon information and belief, WHISK REMODELING, INC. [hereinafter "WHISK"] is a domestic business corporation organized and existing pursuant of the laws of the State of New York; maintains a principal place of business located at 213-37 39th Avenue, Suite 199, Bayside, NY 11361; and is in the renovations and construction business.

8.   Upon information and belief, STATHAKIS is the owner and principal of WHISK and does business under the name of WHISK.

9.   STATHAKIS personally guaranteed payment to MET for all construction materials purchased by WHISK in the event that WHISK did not pay MET. Neither STATHAKIS or WHISK have paid MET.

## BACKGROUND

10.  Upon information and belief, STATHAKIS and WHISK contracted with 25 Monroe Place, LP (hereinafter the "owner"), the owner of a premises known as 25 Monroe Place, Brooklyn, New York (hereinafter the "Premises") to perform certain renovations to the Premises.

11.  From December 28, 2016 to on or about April 13, 2017, at the specific request of STATHAKIS and WHISK, MET sold, furnished and delivered certain construction materials, at the agreed price and value of $55,378.86, to the Premises, which were accepted by WHISK, STATHAKIS and the owner of the Premises without objection.

12.  MET performed its obligations under its agreement with STATHAKIS and WHISK in a timely and professional manner, including paying for the construction materials that it purchased from its sub-contractors.

13.  The owner of the Premises paid STATHAKIS and WHISK for their services, but neither STATHAKIS or WHISK paid MET for the construction materials that it delivered to the Premises and that were accepted by STATHAKIS, WHISK and the owner of the Premises without objection.[1]

14.  Payments received by STATHAKIS and WHISK were trust funds under Art. 3-A of the New York Lien Law.

15.  STATHAKIS is the sole shareholder, officer and principal of WHISK and is responsible for managing WHISK's finances and the disbursements of trust funds received by WHISK under Art.. 3-A of the New York Lien Law.

---

[1]  STATHAKIS did not pay MET for the construction materials notwithstanding the fact that he personally guaranteed to pay MET in the invent that WHISK failed to do so.

16. STATHAKIS, by virtue of being an officer of WHISK, is a fiduciary trustee under the New York Lien Law.

17. Upon information and belief, STATHAKIS diverted and misappropriated a majority of the trust funds paid by the owner of the Premises to WHISK for other, non-trust uses and failed to pay MET $55,378.86 due and owing under the parties' agreement.

18. MET filed a mechanic's lien on or about May 19, 2017 in the amount of $55,378.86 against the Premises.

19. On or about August 21, 2018, MET commenced an action against STATHAKIS and WHISK in the Supreme Court of the State of New York, County of Kings, under Index No. 517035/2018 (hereinafter the "State court action) for, *inter alia*, breach of contract; violations of Article 3-A of the Lien Law; and for damages in the amount of $55,378.86.

20. STATHAKIS and WHISK did not file an answer or otherwise respond to the Verified Complaint.

21. STATHAKIS filed the underlying Chapter 7 case on November 14, 2019.

22. The State court action is still pending but has been stayed by the filing of this underlying Chapter 7 bankruptcy case.

23. MET has filed a proof of claim (the "MET Claim") in the sum of $55,378.86 based in part on violations of the Lien Law in diverting the money received from the owner of the Premises that was not to paid to MET.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, PURSUANT TO 11 U.S.C. § 523(a)(4)

24. MET repeats and realleges each and every allegation contained in Paragraphs 1 to 23 as if fully set forth herein.

25. Section 523 (a)(4) states in relevant part that a discharge under 11 U.S.C. § 1328(b) "does not discharge an individual debtor from any debt . . . . for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).

26. Article 3-A of the "Lien Law" provides that all funds received by a contractor on a construction project are to be held in trust for the benefit of those who were to perform labor and/or furnish supplies that contributed to the improvement of the property, including subcontractors, architects, engineers, laborers and materialmen, pursuant to §§ 70 and 71 of Article 3-A of the New York State Lien Law.

27. WHISK is a contractor within the meaning of § 70 of Article 3-A of the New York Lien Law.

28. MET supplied construction materials for the improvement of the Premises as a subcontractor of WHISK. As such, MET is a beneficiary of the trust funds received by WHISK for the project.

29. STATHAKIS is or was at all times referenced herein the sole owner, shareholder, director and officer of WHISK.

30. STATHAKIS, as a corporate officer of WHISK, was responsible for the receipt and disbursement of trust funds received by WHISK.

31. This obligation to hold funds in trust and maintain separate records and books of account for trust funds under Article 3-A of the New York Lien Law extends to STATHAKIS as a corporate officer of WHISK.

32. WHISK and STATHAKIS as statutory trustees, became a fiduciary to trust beneficiaries such as MET under the New York Lien Law; and therefore, was acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

33. STATHAKIS, by virtue of his position as owner and principal of WHISK, was acting in a fiduciary capacity under § 523(a)(4) when WHISK received payments from the owner of the Premises

34. Upon information and belief, WHISK received payments from the owner of the Premises for the construction material supplied and delivered to the Premises by MET.

35. The payments received by WHISK from the owner constituted trust funds that WHISK was obligated to hold in trust for the benefit of MET.

36. Upon information and belief, STATHAKIS caused WHISK to divert, misappropriate and defalcate trust funds received from the owner for construction materials furnished to the project by MET, and has failed to pay MET the sum of $55,378.86.

37. Upon information and belief, STATHAKIS transferred said trust funds, or portions thereof, to himself and to other entities in which he has a beneficial interest, or to others for non-trust purposes.

38. STATHAKIS' impermissible diversion and misappropriation of trust assets constitutes a defalcation while acting as a fiduciary capacity under 11 U.S.C. § 523(a)(4).

39. As a result of the Debtor's impermissible diversion and misappropriation of trust assets and failure to account for these funds, MET has suffered damages in the amount of at least $55,378.86, plus interest, attorneys' fees, costs and disbursements.

**WHEREFORE**, it is respectfully requested that the Court order that Debtor's debt to Metropolitan Lumber, Hardware & Building Supplies, Inc. in the amount of $55,378.86 is non-dischargeable, pursuant to 11 U.S.C. § 523(a)(4), together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         February 20, 2020

s/Alison I. Blaine

Alison I. Blaine
Attorney for Plaintiff
617 11th Avenue
New York, New York  10036
(212) 246-9090